FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 13  A 11: 37

CLERK _L. LaVictoire_
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RODNEY WAYNE GAINER,

  Plaintiff,

vs.

PEGGY COOPER, and JULIA SMITH,

  Defendants.

CIVIL ACTION NO.: CV505-044

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Hancock State Prison in Sparta, Georgia, has filed a lawsuit pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Coffee Correctional Facility in Nichols, Georgia. Defendants have filed a Motion for Summary Judgment, and Plaintiff has filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants denied him the right to practice his religion that is protected by the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Doc. No. 1, Doc. No. 13). Plaintiff contends that Defendants' refused to allow him to participate in the observance of Ramadan by fasting and having a special sunset meal. (Doc. No. 29, pp. 2-3). Plaintiff alleges that, although he is not a Muslim, he does practice the "Nuwaubu"

AO 72A
(Rev. 8/82)

religion and Nuwaubians celebrate Ramadan in the same way that Muslims do in accordance with their holy text. (Id. at 4-5).

Defendants contend that Plaintiff's First Amendment rights were not violated because it is the policy of the State of Georgia to permit the practice of religious observances only by members of the faith and that since Plaintiff is not a Muslim, there exists no limit on his practice of religion. (Doc. No. 24, pp. 3-5). Defendants further contend that Plaintiff's claim under RFRA fails because RFRA has been declared unconstitutional as applied to states by the United States Supreme Court. (Id. at 5). Defendants also allege that Plaintiff has no claim under the RLUIPA because that statute does not guarantee a prisoner the opportunity to practice a religion other than his own. (Id. at 6-7). Finally, Defendants assert that Plaintiff has suffered no injury in fact and thus his claim is barred by the Prison Litigation Reform Act. (Id. at 7).

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. <u>Williamson Oil Co., Inc. v. Philip Morris USA</u>, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. <u>Hickson</u>, 357 F.3d at 1260 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. <u>Id.</u> In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. <u>Acevado v. First Nat'l Bank</u>, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**I.    First Amendment Freedom of Religion**

The First Amendment, which is made applicable to the states by the Fourteenth Amendment, provides in pertinent part that Congress shall make no law prohibiting the free exercise of religion. U.S.C.A. Const. Amend. 1; <u>Elk Grove Unified School District v. Newdow</u>, 542 U.S. 1, 8, 124 S. Ct. 2301, 2307 n. 4, 159 L. Ed. 2d 98 (2004). It is clear that inmates "retain protections afforded by the First Amendment." <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987). However, the Supreme Court has recognized that "lawful incarceration brings about the necessary

3

withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id.

Courts give deference to the decisions of prison officials and employ a "reasonableness" test to determine whether a regulation violates constitutional rights. Id. at 349, 107 S. Ct. at 2404. The Supreme Court has outlined four factors to be considered in determining the reasonableness of a regulation: (1) "whether the regulation has a valid, rational connection to a legitimate governmental interest;" (2) "whether alternative means are open to inmates to exercise the asserted right;" (3) "what impact an accommodation of the right would have on guards and inmates and prison resources;" and (4) "whether there are ready alternatives to the regulation." Turner v. Safley, 482 U.S. 78, 89-91, 107 S. Ct. 2254, 2262, 96 L. Ed. 2d 64 (1987). The fourth factor asks whether "a prisoner has pointed to some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a de minimis cost to the valid penological goal." Overton v. Bazzetta, 539 U.S. 126, 136, 123 S. Ct. 2162, 2169, 156 L. Ed. 2d 162 (2003).

Georgia Department of Corrections Standard Operating Procedure (SOP) VA01-0011 provides in pertinent part that:

> All requests from inmates that relate to religion are considered based on security interests of the facility. A religious request that is considered to create a security issue or one that may cause a disruption in the normal operation of the facility, the least restrictive means approach should be applied. A least restrictive means approach looks for accommodations or alternatives instead of complete bans. Requests that are received that pertain to religious issues should be sent to the Regional Office and forwarded to Chaplaincy Services in Central Office to ensure consistency and continuity for constitutional compliance.

(Defs.' Exh. B). Defendants contend that in denying Plaintiff's request to participate in Ramadan, they were acting in accordance with this policy and with the DOC's religious guidelines for the Islamic inmate population, which do not compel staff to allow a non-Muslim to participate in Muslim observances. Defendants assert that the Court need not reach the <u>Turner</u> analysis because "the policy of the State of Georgia followed here permitted practice of religious observances by members of the faith, not persons who are not." (Doc. No. 24, p. 5). Thus, Defendants make no argument in their Motion for Summary Judgment that their actions were "reasonably related to legitimate penological interests" and do not explicitly set forth any penological interests at play in denying Plaintiff's request. Instead, Defendants rely on their contentions that they are not constitutionally compelled to allow an inmate the "opportunity to participate in the religious rites and practices of a religion of which he is clearly, by his own admission, not a member." (Doc. No. 24, p. 4).

Indeed, there is no factual dispute as to whether Plaintiff is a member of the Muslim faith. He is adamant that he does not "claim to be a [M]uslim, but we do share some of the same tenets," including the observance of Ramadan. (Doc. No. 29, p. 5). Thus, for Defendants to frame the issue in terms of Plaintiff having asked to participate in a religious observance of which he is not a member misses the point. Plaintiff sought to participate in a religious observance which he claims is celebrated by both the Islamic and the Nuwaubian faiths, the latter of which he is indeed a member. (Doc. No. 29, p. 5; Pl.'s Exh. A). By contending only that their actions comported with DOC policies as they pertain to the Muslim faith, Defendants overlook the fact that their actions may have denied Plaintiff the ability to participate in something he claims is necessary to the practice of his own

5

AO 72A
(Rev. 8/82)

religion, Nuwaubu. Without any assertions that this denial was "reasonably related to legitimate penological interests" as required by Turner, the Court cannot make a determination as to whether Defendants' actions comport with Plaintiff's rights under the First Amendment. Defendants have failed to convince the Court that they are entitled to judgment as a matter of law on Plaintiff's First Amendment claim and accordingly, Defendants' Motion for Summary Judgment on this point should be denied.

## II.     Religious Freedom Restoration Act ("RFRA")

In City of Boerne v. Flores, 521 U.S. 507, 536, 117 S. Ct. 2157, 2172, 138 L. Ed. 2d 624 (1997), the Supreme Court held that the RFRA was unconstitutional as applied to the states because it exceeded Congress's power under § 5 of the Fourteenth Amendment. The RFRA does not apply to state regulations or state actors, and thus Plaintiff does not have any claim under the RFRA. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claim under the RFRA.

## III.    Religious Land Use and Institutionalized Persons Act ("RLUIPA")

In contrast to the RFRA, the RLUIPA is constitutional and does apply to the states. Benning v. Georgia, 391 F.3d 1299, 1303 (11th Cir. 2004). "Section 3 of the RLUPIA applies strict scrutiny to governmental actions that substantially burden the religious exercise of institutionalized persons." Id. at 1303. This requires that the state show that imposing the burden on religious exercise furthers a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a); Asad v. Bush, 170 Fed. Appx. 668, 671-672 (11th Cir. 2006).

Again, Defendants contend that the Court need not reach this analysis because Plaintiff is seeking to practice a religion that is not his own, an interest not protected under

6

the RLUPIA. As previously discussed, this argument fails. Plaintiff alleges that he seeks to practice his *own* religion by participating in Ramadan, not to practice Islam. Thus, in order to analyze Plaintiff's claims under the RLUIPA, the Court must have evidence, or a lack thereof, as to whether the challenged action was taken "in furtherance of a compelling governmental interest" and whether Defendants utilized "the least restrictive means of furthering" that interest. 42 U.S.C. § 2000cc-1(a). Because Defendants have failed to prove they are entitled to judgment as a matter of law on this point, their Motion for Summary Judgment should be denied as to Plaintiff's RLUIPA claim.

## IV.   Injury in Fact

Defendants appear to assert that Plaintiff should not be able to recover damages because he quite obviously suffered no physical injury as a result of Defendants' alleged violation of his rights to religious exercise. The Prison Litigation Reform Act provides in part that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532.

The Eleventh Circuit has yet to decide whether Section 1997e(e) precludes claims

7

for nominal and punitive damages along with compensatory damages. Boxer X v. Donald, 169 Fed. Appx. 555, 558-59, 558 n.1 (11th Cir. 2006). Nominal damages are appropriate in a Section 1983 case if the plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages. Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1053-1054, 55 L. Ed. 2d 252 (1978). Punitive damages may be imposed under Section 1983 with the specific purpose of deterring or punishing violations of constitutional rights. Id. at 257 n.11. Although the Eleventh Circuit has yet to decide whether Section 1997e(e) precludes a prisoner from seeking nominal or punitive damages, the Court of Appeals has noted that the Second, Third, Seventh, Ninth and Tenth Circuits have concluded that Section 1997e(e) does not preclude a prisoner from seeking nominal damages, Boxer X v. Donald, 169 Fed. Appx. at 558-59, and that circuits elsewhere are split on the issue of punitive damages under Section 1997e(e). Id. at 558 n.1.

Defendants assert that Plaintiff has suffered no physical injury and thus his claims for damages are barred. However, the absence of a physical injury means only that Plaintiff cannot recover compensatory damages for any mental or emotional injury; it merely limits the nature of Plaintiff's damages. Id. at 558. Plaintiff is not precluded from bringing claims for other types of monetary relief without a showing of physical injury. Id. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's claims for monetary damages.

## V.     Injunctive Relief

Defendants contend that because Plaintiff has been transferred to Hancock State Prison, injunctive relief against officials at Coffee Correctional Facility is not an appropriate

AO 72A
(Rev. 8/82)

remedy. This Court concurs that Defendants are entitled to summary judgment to the extent that Plaintiff seeks injunctive relief. Because Plaintiff is no longer incarcerated at Coffee Correctional Facility, his claim for injunctive relief against that facility's Chaplain and Assistant Warden is moot. See Boxer X v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006) (finding request for injunctive relief moot where inmate was no longer housed at facility where Defendants were employed).

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. No. 23) should be **DENIED** in part and **GRANTED** in part. Plaintiff's RFRA claim and Plaintiff's claims for injunctive relief should be dismissed. Plaintiff's First Amendment and RLUIPA claims for monetary damages should remain pending at this time.

**SO ORDERED** this 13th day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)